# In the United States Court of Federal Claims

No. 13-242C
(Filed: January 9, 2014)

| | | |
|---|---|---|
| ———————————— ) | | |
| NEXTEC APPLICATIONS, INC., ) | | |
| ) | Motion to Dismiss; 28 U.S.C. § 1500; | |
| Plaintiff, ) | 28 U.S.C. § 1498(a); Patent Claims; | |
| ) | Private Patent Litigation | |
| v. ) | | |
| ) | | |
| THE UNITED STATES, ) | | |
| ) | | |
| Defendant. ) | | |
| ———————————— ) | | |

*Nagendra Setty*, Washington, DC, for plaintiff.

*Gary Lee Hausken*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. *Stuart Delery*, Assistant Attorney General, and *John Fargo*, Director, of counsel.

# O P I N I O N

**FIRESTONE,** *Judge.*

Pending before the court is the United States' ("the government") motion to

dismiss the present action brought by Nextec Applications, Inc. ("Nextec") under 28

U.S.C. § 1498(a)[1] in connection with the alleged infringement of six patents held by

———————————

[1] Under § 1498(a),

Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal

Nextec relating to the manufacture of treated fabrics.  Nextec alleges in its complaint that

the government, through its acceptance, receipt, and/or use of military uniforms

containing fabrics manufactured by Brookwood Companies, Inc. ("Brookwood"),

infringed one or more of the claims in Nextec's patents.  Prior to filing the present case,

Nextec had filed suit directly against Brookwood in the United States District Court for

the Southern District of New York.  The district court dismissed several of Nextec's

claims, including the infringement claims based on fabrics sold directly or indirectly to

the United States.  Nextec Applications v. Brookwood Cos., No. 07-CV-6901 (S.D.N.Y.

Jan. 6, 2009).  Ultimately, the district court ruled against Nextec on its remaining

infringement claims.  Nextec Applications v. Brookwood Cos., 703 F. Supp. 2d 390

(S.D.N.Y. 2010).  That decision was affirmed on appeal by the Federal Circuit on

November 18, 2013.  Nextec Applications v. Brookwood Cos., Nos. 2012-1670, 2012-

1685, 2013 WL 6050870 (Fed. Cir. Nov. 18, 2013).

The government has moved to dismiss plaintiff's complaint in its entirety for lack

of jurisdiction pursuant to 28 U.S.C. § 1500[2] based on the patent infringement lawsuit

---

Claims for the recovery of his reasonable and entire compensation for such use
and manufacture. . . .

28 U.S.C. § 1498(a).

[2] Under § 1500,

The United States Court of Federal Claims shall not have jurisdiction of any claim
for or in respect to which the plaintiff or his assignee has pending in any other
court any suit or process against the United States or any person who, at the time
when the cause of action alleged in such suit or process arose, was, in respect
thereto, acting or professing to act, directly or indirectly under the authority of the
United States.

Nextec had filed against Brookwood in district court.  The government argues that because the plaintiff had a case "for or in respect to" the same claim in another court at the time that this case was filed, this court is barred under § 1500 from hearing this case. According to the government, both this case and the district court case involve the same operative facts because the allegedly infringing fabric in both cases was manufactured for garments that were intended for purchase by the United States, even though some of those garments ultimately were sold commercially instead.  As such, the government concludes, the pending complaint is barred under § 1500.[3]

The plaintiff contends that § 1500 does not apply to the pending case for two reasons.  Nextec argues that it did not file its case in this court until after the district court had dismissed all claims against Brookwood for which the United States could have been liable under § 1498(a), and thus Nextec did not file the present action while it had an action pending against the United States within the meaning of § 1500.  In addition, Nextec argues that § 1500 is not a bar because this case involves infringement claims based on patents that were never at issue in the district court litigation.  Nextec contends that in such circumstances the infringement claims involve different operative facts and

---

28 U.S.C. § 1500.

[3] The government recognizes that, following the Federal Circuit's decision, the plaintiff is now free to re-file its complaint.  However, that complaint, according to the government, must post-date the Federal Circuit decision and may not relate back to the pending complaint.

thus § 1500 is not a bar to the pending suit.  For the reasons discussed below, the court agrees with plaintiff and **DENIES** the defendant's motion. [4]

## I.     BACKGROUND[5]

The present case has its roots in United States Army Contract No. W911QY-07-D0003 ("0003 Contract" or "Contract").  The request for bids for the 0003 Contract was issued by the United States Army to create an Extreme Cold Weather Clothing System. The system is a collection of multiple levels of clothing to be worn under varying weather conditions.  At the time that the 0003 Contract request for bids was issued, the plaintiff and Brookwood were identified as authorized sources of fabric that would fit the initial specifications of the contract.  The contract was awarded to ADS, Inc. ("ADS"), which subcontracted with the plaintiff and with Brookwood for the manufacture of certain fabrics.  Both companies manufactured fabrics and delivered them to garment manufacturers, who made the fabrics into garments and delivered the garments to ADS. ADS then assembled packs of clothing and delivered the packs to the United States Army.

The plaintiff filed a suit against Brookwood on July 31, 2007 in the United States District Court for the Southern District of New York alleging four counts of patent

---

[4] Nextec has moved to dismiss its claims against the United States with respect to infringement of the same patents it had pursued and lost in the litigation against Brookwood. Those claims all pertain to methods of manufacture and are set forth in Claims 2, 3, 5, and 6, as well as a portion of Claim 1 in the pending suit. The court **GRANTS** Nextec's request; thus, the only claims now pending before the court are the product claims from Claims 1 and 4.

[5] The facts are taken from the parties' pleadings and are undisputed unless otherwise noted.

infringement in the manufacture and sale of the same type of fabrics as were eventually

sold to the United States.  In the district court, Nextec alleged the infringement of seven

patents by Brookwood, numbered 5,418,051 ("the '051 patent"); 5,856,245 ("the '245

patent"); 5,869,172 ("the '172 patent"); 6,071,602 ("the '602 patent"); 6,129,978 ("the

'978 patent"); 5,954,902 ("the '902 patent"); and 6,289,841 ("the '841 patent").  Nextec

did not reference ADS or the 0003 Contract in its district court complaint.  The district

court ordered that Nextec narrow the specific patent claims that it alleged were infringed

by Brookwood, after which ten claims from four patents remained.  These claims were

from the '051, '172, '902, and '841 patents; the other patents were dismissed in their

entirety.  Thereafter, Brookwood filed a motion for partial summary judgment, arguing

that a substantial portion of the allegedly-infringing fabrics were produced as part of the

0003 Contract, entitling it to immunity under 28 U.S.C. § 1498(a).  On January 6, 2009,

the district court granted Brookwood's motion to the extent that the fabrics were

delivered to and accepted by the United States, leaving only commercially-sold fabrics

before the district court.  Specifically, the district court stated in its January 6, 2009 order:

> All claims asserted by Plaintiff [Nextec] in the present action for the
> alleged infringement of any product claims in the asserted patents-in-suit,
> based on the manufacture and sale by Brookwood of fabrics in furtherance
> of [the Contract] are hereby dismissed pursuant to 28 U.S.C. §1498(a),
> except where the record shows that certain fabrics were not delivered to and
> accepted by the United States Government under the Contract.

Nextec Applications, Inc. v. Brookwood Cos., No. 07-CV-6901 (S.D.N.Y. Jan. 6, 2009).[6]

Nextec did not appeal from this order.  On March 31, 2010, the district court granted

Brookwood's motion for summary judgment on the construction of the term

"thixotropic" as applied to the remaining patents, holding that Brookwood did not

infringe the '051 and '172 patents.  Finally, on June 21, 2012, after five weeks of trial,

the district court found that Brookwood did not infringe Nextec's '902 and '841 patents.

On September 12, 2012, Nextec filed an appeal challenging the district court's claim

construction and findings of non-infringement.  As noted above, the Federal Circuit

recently affirmed the district court's decision.

On April 5, 2013, while the appeal of the district court's decisions was pending,

Nextec filed the present case in the United States Court of Federal Claims.  In its

complaint, Nextec alleged the infringement of six patents, including the '172, '978, '902,

and '841 patents, in connection with the manufacture and sale of fabrics to the United

States under the 0003 Contract.  In addition, Nextec alleged the infringement of patents

numbered 5,004,643 ("the '643 patent") and 5,876,792 ("the '792 patent") in connection

with the same manufacture and sale of fabrics to the United States under the 0003

---

[6] On two separate instances, Brookwood requested that the district court issue an express order
stating that Nextec may only seek damages for sales to the United States in the United States
Court of Federal Claims.  Brookwood argued that Nextec had argued that the manufacturing
specifications under the Contract necessarily required patent infringement.  In response, Nextec
contended that it had never made that argument, and that infringement of its patents was not a
necessary result of complying with the government's manufacturing specifications.  The district
court denied both requests, first on March 31, 2010 and again on March 2, 2012.  Nextec
Applications v. Brookwood Cos., No. 07-CV-6901 (S.D.N.Y. Mar. 2, 2012); Nextec, 703 F.
Supp. 2d at 434-35.

Contract.[7]  Infringement of these latter patents was not alleged in the earlier district court

litigation.  As noted, Nextec has dismissed all infringement claims involving the patents

that were at issue before the district court.  Thus, only the product claims asserted in

Claims 1 and 4 remain before this court, dealing with the '643 and '978 patents,

respectively.

## II.   DISCUSSION

### A.   Standard of Review

The court reviews the government's motion to dismiss under 28 U.S.C. § 1500

under the standards set for motions to dismiss for lack of subject matter jurisdiction under

Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").  See

Brandt v. United States, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (citing United States v.

Tohono O'Odham Nation, 131 S. Ct. 1723, 1727 (2011) for the proposition that "[w]here

§ 1500 applies, the Court of Federal Claims lacks subject matter jurisdiction and must

dismiss the complaint.").  The standards for ruling on such a motion are well established.

Jurisdiction is a threshold matter, and a case can proceed no further if a court lacks the

jurisdiction to hear it.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen

a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss

the complaint in its entirety." (citation omitted)); Steel Co. v. Citizens for a Better Env't,

523 U.S. 83 (1998).  See generally John R. Sand & Gravel v. United States, 552 U.S. 130

---

[7] Specifically, Claim 1 alleges infringement of the '643 patent; Claim 2 alleges infringement of the '792 patent; Claim 3 alleges infringement of the '172 patent; Claim 4 alleges infringement of the '978 patent; Claim 5 alleges infringement of the '902 patent; and Claim 6 alleges infringement of the '841 patent.

(2008), <u>aff'g</u> 457 F.3d 1345 (2006). The plaintiff bears the burden of establishing subject matter jurisdiction, <u>Alder Terrace, Inc. v. United States</u>, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing <u>McNutt v. Gen. Motors</u>, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, <u>Brandt</u>, 710 F.3d at 1374 (citing <u>Taylor v. United States</u>, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

When a party has moved to dismiss for lack of subject matter jurisdiction, "the allegations stated in the complaint are taken as true . . . ." <u>Folden v. United States</u>, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting <u>Shearin v. United States</u>, 992 F.2d 1195, 1195-96 (Fed. Cir. 1993)). However, the court may look beyond the pleadings and "inquire into jurisdictional facts" to determine whether jurisdiction exists. <u>Rocovich v. United States</u>, 933 F.2d 991, 993 (Fed. Cir. 1991).

**B.      28 U.S.C. § 1500**

28 U.S.C. § 1500 prevents a plaintiff from pursuing what is essentially the same case in multiple jurisdictions against the United States or its proxy. As noted above, the statute provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. Under § 1500, dismissal is mandated if three requirements are met. First, the defendant in both lawsuits must be the United States or a person or entity acting or professing to act directly or indirectly under the authority of the United States. <u>See</u>

8

Brandt, 710 F.3d at 1373-74 (quoting 28 U.S.C. § 1500).  Second, the two suits must

share the same operative facts.  Id. at 1374 (quoting Tohono, 131 S. Ct. at 1731).  Third,

the action must be pending in another court when the suit is filed in the Court of Federal

Claims.  Id. (citing Trusted Integration v. United States, 659 F.3d 1159, 1163-64 (Fed.

Cir. 2011)).

        To begin, the court turns briefly to the history and purpose of 28 U.S.C. § 1500.

Congress enacted § 1500 in response to a problem that arose after the Civil War.  See

Keene Corp. v. United States, 508 U.S. 200 (1993).  Claimants whose property had been

seized during the war filed suits in the Court of Claims under the Abandoned Property

Collection Act.  Id.  The claimants then separately filed suits in other courts against

federal officials alleging different, but closely related, causes of action based on those

seizures.  Id. (citing Schwartz, Section 1500 of the Judicial Code and Duplicate Suits

Against the Government and Its Agents, 55 Geo. L.J. 573, 574-80 (1967)).  Section 1500

was enacted to protect the United States from the complications of defending itself in

multiple lawsuits in separate fora relating to the same subject matter, including the

possibility of double recovery by a plaintiff for a single act by the United States.  Brandt,

710 F.3d at 1374 ("As the Supreme Court recently explained, § 1500 'effects a significant

jurisdictional limitation' and was designed to 'save the Government from burdens of

redundant litigation.'" (quoting Tohono, 131 S. Ct. 1723, 1730 (2011))); Trusted

Integration, 659 F.3d at 1170 ("Finally, our conclusion that Count II and the district court

complaint are not for or in respect to the same claim, is consistent with the purpose of the

predecessor to § 1500, which was to prevent claimants from seeking double recovery by

maintaining two suits arising from the same factual foundation, but pleaded under different legal theories."). Under § 1500, a claimant must choose between filing against the United States in the Court of Federal Claims for monetary damages or against the United States or its proxy in district court for other relief. See Tohono, 131 S. Ct. at 1730 ("There is no merit to the Nation's assertion that the interpretation adopted here cannot prevail because it is unjust, forcing plaintiffs to choose between partial remedies available in different courts."). If the plaintiff has sought relief relating to the same subject matter in another court, it may not seek compensation in the Court of Federal Claims while that prior case is pending.

### C.      Section 1500 Does Not Bar Nextec's Case

In deciding whether Nextec may maintain its present case, the court turns first to Nextec's contention that a case against the United States was neither directly or indirectly pending in the district court at the time that the present action was filed.

Nextec argues that § 1500 does not bar its action in this court because at the time it filed the present case the district court had dismissed all of Nextec's claims in connection with the manufacture or sale of the allegedly infringing fabric to the United States based on 28 U.S.C. § 1498(a). For this reason, Nextec argues, the only issues before the district court—and, at the time the present case was filed, the Federal Circuit—related to commercial sales that occurred outside of any government contractual relationship. In such circumstances, Nextec contends, there was no lawsuit pending against the United States or a person or entity acting directly or indirectly under the authority of the United

States when it filed the pending suit.  Thus, Nextec concludes, the present action is not barred by § 1500.

The government argues that the fact that certain claims were dismissed pursuant to 28 U.S.C. § 1498(a) in the district court is irrelevant for the purpose of applying § 1500 because the infringement claims against Brookwood arose, in the first instance, from the manufacture of fabric for the government pursuant to the 0003 Contract.  The fact that certain fabric was not accepted by the United States and was sold commercially, the government argues, is immaterial to the § 1500 determination.  For purposes of § 1500, the government argues, Brookwood was a proxy for the United States in the district court litigation at all times, regardless of whether the United States faced any liability for infringement in the district court litigation.

The court must disagree with the government.  As discussed above, the purpose of § 1500 is to prevent the United States from facing liability involving the same subject matter at the same time in separate fora.  Where, however, the possibility of duplicative litigation is eliminated, there is no reason to invoke § 1500.  Here, the district court clearly intended to protect the United States from duplicative litigation or double liability by acknowledging that it lacked jurisdiction over any claims that implicated the United States and by dismissing those claims.  The fact that Brookwood faced other claims by Nextec, which did not implicate the United States but may have involved fabric that Brookwood originally manufactured under a subcontract with the United States, does not alter the court's conclusion.  The United States did not have to defend itself and did not face any liability in district court for patent infringement arising from Brookwood's

11

actions following the district court order dismissing claims arising from sales to the

United States.  Thus, because the district court dismissed all claims by Nextec covered by

28 U.S.C. § 1498(a) before this case was filed, Nextec's suit in this court is not barred by

§ 1500.[8]

## III.   CONCLUSION

Because plaintiff's claims for patent infringement are not barred by 28 U.S.C. §

1500, the government's motion to dismiss for lack of jurisdiction is **DENIED**.  The

plaintiff shall have until **January 20, 2014** to file an amended complaint consistent with

this ruling.[9]  The parties shall file a joint preliminary status report by **February 18, 2014**.

**IT IS SO ORDERED.**


s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[8] Having concluded that § 1500 is not a bar to the present case because the United States was not
potentially liable for any infringement claims that remained in the district court at the time that
this case was filed, it is not necessary to address Nextec's alternative argument that § 1500 does
not bar its case because the operative facts for the purposes of § 1500 are different in the present
case than those in the district court litigation.

[9] See supra note 4.